# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed February 12, 1902.

### EDWARD F. ARTHURS
### VS.
### MARGARET KAHLER.

*James W. Chapman, Jr.,* for exceptant.

*John C. Rose* for trustee.

DENNIS, J.—

The exceptant, Hyland P. Stewart, claims:

1st. That as assignee of the mortgagor he was entitled to the rents and profits of the property after default in the mortgage, until the mortgagee took possession; and

2nd. That the mortgagee never took possession until the sale was made, and that consequently the rents and profits collected by the trustee belong to exceptant, as the assignee of the mortgagor.

The law upon the subject is perfectly well settled in this State. In Barron vs. Whiteside, in 89 Md. 456, the court laid down the rule that "the mortgagee was not entitled to the rents and profits of the mortgaged premises until he took actual possession or until possession is taken in his behalf by a receiver, or *until in proper form he demands and is refused possession.*" Again, the court says, "in order to put an end to the authority of a mortgagor to collect the rents, it is *only necessary for the mortgagee to manifest his inten-tion to do so,*" and that "for this purpose *slight acts will be deemed sufficient.*"

In the case at bar, the testimony shows that John C. Rose, who was both attorney for the mortgagee and trustee under decree of court to make sale under foreclosure proceedings, on the day he was appointed trustee, served a written notice upon the tenants of the property that the rent should be paid to him in the future; and he signed this notice both as attorney for the mortgagees and as trustee under the decree of court. Thereafter Mr. Rose collected the rents in controversy until the day of sale, giving receipts for the rents as trustee.

The exceptant contends that signing the receipts as trustee shows that they were received in pursuance of the notice given by him as trustee; and that hence no proper notice had been given by the mortgagee to vest the title to the rents in himself.

The fallacy in this contention lies in the fact that it undertakes to make the *character in which the rents were received,* the test of the title, while, as is shown by the decision above quoted, that question has nothing to do with the matter; and the *true test* is was a *demand made* by the mortgagee for the payment of the rents to him.

Now, the notice by Rose signed by him as attorney for the mortgagee, was certainly such a demand, no matter if he also signed it as trustee; this additional character did not avoid the notice as attorney, and was mere surplusage in the eye of the law. The mortgagor certainly got the notice from the attorney for the mortgagee, even if he also received another notice from the trustee; and a notice from the attorney was all that was necessary to vest title in the mortgagees. So, likewise the fact that Rose receipted as trustee, is wholly immaterial; no matter in what capacity he received them, and no matter if they had been paid to a third party, the *title* to them had become vested in the mortgagee, and he was entitled to follow them into whatever hands they may have come or in whatever capacity they may have been received. They were properly allowed to the mortgagees, therefore, by the auditor in his account.

The exceptions will be overruled and the account ratified.